UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BRENDA CAMBRON, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:12-cv-00252-JAW |
| WALMART, | ) ) ) | |
| Defendant | ) | |

**RECOMMENDED DECISION**

Brenda Cambron wants to sue Walmart over a dispute involving a video camera purchased at a store in Brewer, Maine. Her initial complaint complied fully with the Federal Rules of Civil Procedure in that it set forth factual statements in numbered paragraphs. Cambron demanded damages in the amount of $35,000, plus a $300.00 video camera. Cambron claims a Walmart employee grabbed her hand, committing an assault, during the course of Cambron's attempt to exchange one video camera for another one. Her damage claim apparently arose in part from emotional distress she claimed to have suffered as a result of Walmart's decision to notify law enforcement officials when she left the store with the replacement camera, allegedly without authorization.

When I reviewed the initial complaint, it was apparent to me that the jurisdictional threshold of $75,000.00 had not been met. I issued a show cause order to Cambron requiring her to show cause why the complaint should not be dismissed. Cambron responded with a one-page document stating that "plaintiff's relief sought, after much consideration, is now changed to a demand of $76,000.00 for monetary damages." (ECF No. 5.) No additional facts or

explanations were given for the change in the monetary amount sought as relief. I believed the show cause response was inadequate, but gave Cambron until October 5, 2012, to file an amended complaint that fully set forth the basis for this Court's jurisdiction.

On October 3, 2012, Cambron filed a document that she called an "amended complaint." (ECF No. 7.) The document fails to state any claim at all against Walmart. Plaintiff apparently thinks that her "amended complaint" further establishes this Court's diversity jurisdiction over this dispute, but it does nothing of the sort. In fact, the amended complaint is devoid of meaningful additional factual allegations and instead apparently simply references the original complaint with the parenthetical observation, "besides an employee assaulting plaintiff." The remainder of the amended complaint is simply a mishmash of conclusory statements and allegations about Walmart as a corporate citizen and does not state any cognizable legal claim.[1]

Cambron has had three opportunities to explain why there is federal jurisdiction in this case: her original complaint; her response to the show cause order; and her amended complaint. Neither of the latter two documents has offered justification for why this claim is anything other than a $35,300.00 claim against a corporation whose domicile is other than Maine. The operative pleading remains the original complaint filed on August 20, 2012, because an effective amended complaint was never filed. I now conclude that because the amount in controversy does not meet this Court's jurisdictional threshold for diversity jurisdiction, the matter should be dismissed without prejudice to Cambron's right to proceed against the defendant in state court.

### DISCUSSION

Pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal

---

[1] For example, Cambron states that Walmart is "[t]his multibillion dollar Chinese corporation, is spread across the United States. Without question it is a national franchise"

or by a person specially appointed by the court.  The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915….”  The note to the 1993 amendments to Rule 4 indicates that the court is obliged to appoint a marshal for service in actions brought in forma pauperis, and the First Circuit Court of Appeals has indicated that a local rule requiring a plaintiff to first request service does not comport with the federal rule.  Laurence v. Wall, 551 F.3d 92, 93 & n.1 (1st Cir. 2008).  Therefore, if this matter is not summarily dismissed by the Court, it will be necessary to order the marshal to make service.

Before ordering the United States Marshal to make service of this complaint, however, I have an obligation to ascertain whether this court has jurisdiction to proceed.  Federal courts are courts of limited jurisdiction and in every case the court must be satisfied that it has jurisdiction before it proceeds.  Garcia-Velazquez v. Frito Lay Snacks Caribbean, 358 F.3d 6, 8 (1st Cir. 2004).  See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) (“It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.”).

I am hesitant to enter an order requiring the marshal to make service when it is apparent to me that this court lacks jurisdiction based on the original complaint allegations.  In the present case it appears that Cambron seeks to invoke diversity jurisdiction.  There are no allegations that raise federal question jurisdiction under any federal statute or the United States Constitution.  The complaint alleges a private dispute arising under state common law between citizens of two different states.

Under 28 U.S.C. § 1332, the court has "diversity" jurisdiction, which grants the district courts subject matter jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000.  Because the party invoking federal jurisdiction

bears the burden of demonstrating that the court has subject-matter jurisdiction over the case, Valentin v. Hosp. Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001), it is Cambron who must show that the amount in controversy exceeds $75,000. The original complaint filed in this court sought "compensation from Walmart in the amount of $35,000, also the video camera that was promised plaintiff." (Compl. ¶ 9, ECF No. 1.) The camera is described as having a value of $300.00. (Id. ¶ 2.) Thus, it is not facially apparent that Cambron satisfied the amount-in-controversy requirement.

Unless challenged by the opposing party or the court, a plaintiff can make a general allegation that the dispute exceeds the jurisdictional minimum. Dep't of Recreation and Sports v. World Boxing Ass'n., 942 F.2d 84, 88 (1st Cir. 1991). "Once challenged, however, the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less the jurisdictional amount." Id. Initially in this case Cambron did not even make a general allegation that the dispute exceeded the jurisdictional minimum. She specifically alleged damages that were less than the minimum amount in controversy. Now Cambron merely alleges a new amount in controversy, without offering any factual support.

This case is similar to a recent First Circuit case, Abdel-Aleem v. OPK Biotech, LLC, 665 F.3d 38, 42 (1st Cir. 2012). The plaintiff in that case, when challenged by the opposing party, filed an amended complaint adding the allegation that his damages were "at least $1,000,000.00." According to the Court, the alleged amount in controversy must be more than an "imaginary number." (Id.) Here, when challenged by the Order to Show Cause to provide the basis for jurisdiction, Cambron did nothing but present an imaginary number. No additional facts regarding damages were provided in either the response to the show cause order or the

amended complaint.[2]  The court is left with an operative pleading that simply does not meet the jurisdictional threshold.

## CONCLUSION

Based upon the foregoing, I recommend that the Court dismiss this complaint without prejudice because it is apparent on the face of the complaint that this Court does not have jurisdiction.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 10, 2012                 /s/ Margaret J. Kravchuk
                                 U.S. Magistrate Judge

---

[2] The "amended complaint" does make an oblique reference to "partnering with Homeland Security," a federal entity. (ECF No. 7, ¶ 3.)  It does not state a claim invoking this Court's federal question jurisdiction.